

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

Honorable J. C. Gowdy
County Auditor, Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. O-5265
Re: Salaries of Court Reporters
in Wichita County and
related questions.

Your opinion request to this department, dated
March 28, 1944, reads as follows:

"Prior to January 1, 1943, the salaries of
the official Court Reporters in Wichita County
were $2,700.00 per annum, such county being under
Article 2327a, the 30th Judicial District being
composed also of Archer and Young counties. On
January 1, 1943, these two counties were placed in
another Judicial District, and the salaries of the
official Court Reporters in Wichita County were
then under Article 2326, set at $3,000.00 per
annum.

"The change in salary not being called to the
attention of the Commissioners' Court, the salaries
of the official Court Reporters in Wichita County
were continued on the basis of $2,700.00 through the
year 1943. On January 1, 1944, this was called to
the attention of the Commissioners' Court, at which
time, the Commissioners' Court, by order properly
passed and entered, as had been the practice in the
past of any increase or decrease in salaries, raised
the salaries of such reporters from $2,700.00 to
$3,000.00 per annum, effective as of January 1, 1944.
The salary of $2,700.00 was paid the Reporters for the
year 1943, same being paid semi-monthly and accepted
without complaint or protest.

"Your opinion on the following will be greatly
appreciated:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. C. Gowdy, page 2

"1. Does the acceptance of the salary by the
reporters waive their right to collect the difference
between the $2,700.00 and the amount of $3,000.00
for the year 1945?

"2. Does the Commissioners' Court have authority
to make salary raises or salary adjustments retroactive
by Court order, and is such sufficient legal authority
for me, as County Auditor, to pay the difference in the
salaries as set out above? * * *"

Since January 1, 1945, Wichita County alone has con-
stituted three Judicial Districts, viz: the 30th, 78th and 89th.
Since said date, the salaries of the court reporters in said
county are controlled by the provisions of Article 2326c, Vernon's
Annotated Civil Statutes, (Acts 1933, 43rd Legislature, p. 595,
ch. 195). The first and second paragraphs of said article read
as follows:

"The official shorthand reporter of each Judi-
cial District in this State and the official short-
hand reporter of any County Court, either civil or
criminal, in this State, where the compensation of
such reporter of such County Court or Judicial Dis-
trict is not otherwise provided by special law, shall
receive a salary of not more than Two Thousand Seven
Hundred Dollars ($2,700.00) per annum, nor less than
Two Thousand Four Hundred Dollars ($2,400.00) per an-
num, such salary to be fixed and determined by the
District or County Judge respectively of the Court
wherein such shorthand reporter is employed, in ad-
dition to the compensation for transcript fees as
provided for by law. Said salary shall be paid monthly
by the Commissioners Court of the county out of the
General Fund of the county, or in the discretion of
the Commissioners Court, out of the jury fund of said
county, upon the certificate of the Judge of such Dis-
trict or County Court. In districts of this State com-
posed of two or more counties, said salary shall be
paid monthly by the counties of the District in pro-
portion to the number of weeks provided by law for
holding Court in the respective counties in the Dis-
trict; provided, that in a District where in any
county the term may continue until the business is
disposed of, each county shall pay in proportion to
the time Court is actually held in such county.

Honorable J. C. Gowdy, page 3

"The salary of the official shorthand reporter
in each Judicial District in any county of this State
with a population in excess of one hundred and fifty
thousand (150,000) according to the last preceding
Federal census and which alone constitutes two or more
Judicial Districts, in addition to the the compensa-
tion of transcript fees as provided by law, shall be
Three Thousand Dollars ($3,000.00) per annum to be
paid as the salaries of other court reporters are paid.
* * * "

This Article 2326c became effective August 31, 1933,
and supersedes Article 2326b, Vernon's Annotated Civil Statutes,
(Acts 1929, 41st Legislature, p. 691, ch. 310, par. 1). It has
since been in force and effect, except as modified by Article
2327a, Vernon's Annotated Civil Statutes, effective May 5, 1937,
and Articles 2326d and 2326e, Vernon's Annotated Civil Statutes.
None of said modifications, however, affect Wichita County, which
alone constitutes two or more (three) Judicial Districts, and has
never had a population in excess of 150,000. The Federal Census
for 1930 showed the population of Wichita County to be 74,416.
The 1940 Federal Census shows its population to be 73,604.

Therefore, the salaries of court reporters in Wichita
County, since January 1, 1943, have been controlled by the pro-
visions of the first paragraph of Article 2326c, supra. Each
of said reporters shall receive a salary of not more than $2,700
per annum, nor less than $2400 per annum, to be fixed and deter-
mined by the judge as therein provided, in addition to the com-
pensation for transcript fees as provided by law.

The reference to Article 2326a in the first paragraph
of your letter is evidently an error. You probably meant to refer
to Article 2326b, which has been superseded by Article 2326c, as
aforesaid.

Had the Federal Census for 1940 shown Wichita County's
population to be in excess of 150,000, the salary of each of its
District Court Reporters would have been $3,000 per annum, as
provided by the second paragraph of Article 2326c, supra. Since
its population, according to the last Federal Census, is only
73,604, the salary of each of said reports is governed by the
provisions of the first paragraph of Article 2326c, supra. Their
salaries, as therein provided, must be fixed at not more than
$2,700 per annum, nor less than $2,400 per annum, in addition

Honorable J. C. Gowdy, page 4

to compensation for transcript fees as provided for by law. Your Commissioners' Court, therefore, was without authority to raise said salaries from $2,700 to $3,000. Its order so providing was void. The over-payments involved should be refunded to the county. Greer v. Hunt County, (Com. App. Adopted) 249 S. W. 831. Likewise, had each of said reporters been entitled to a salary of $3,000 during 1943, but had received only $2,700, he would now be entitled to receive from the County the sum of $300 as unpaid salary. See Greer v. Hunt County, supra, from which the following quotation is taken:

"The county officials clearly could not waive the county's right to assert the invalidity of the order by paying from the county funds the salary therein provided, should the amount exceed the lawful commissions of the treasurer. The latter, in accepting such amount, if in excess of his lawful fees, could not receive any benefit under the void order. He would still be bound to reimburse the county for any excess over his lawful fees, and could not defeat their recovery. Under these circumstances the acceptance of less than he was entitled to ought not as a matter of law to preclude him from afterwards demanding the balance to which he was legally entitled, * * * The county owed him absolutely a fixed and definite amount, to which there was no defense. * * * We think the principle of law applies here that a debt fixed in amount and absolutely payable cannot be discharged by payment by the debtor and acceptance by the creditor of a less amount, and that the payment and acceptance of a less amount furnishes no consideration whatever for the relinquishment of the balance owing." (Emphasis ours)

The case of Nacogdoches County v. Winder, 140 S. W. (2d) 972, error refused, and the case of Nacogdoches County v. Jinkins, 140 S. W. (2d) 901, error refused, are also very much in point. In the Winder case, above cited, it was held that:

"The provisions of the statute authorizing the commissioners' court to fix the salary at any sum not less than a certain minimum, and not more than a cer-

Honorable J. C. Gowdy, page 5

tain maximum are mandatory, and could not be ignored by the members of the court at their discretion." (Emphasis ours)

Likewise, the provisions of the first paragraph of Article 2326c, supra, are mandatory upon the District Judges and County Judges, covered thereby, in fixing and determining the salaries of their respective court reporters.

Your communication of March 28, 1944, makes no mention of any orders entered by your District Judges in fixing the salaries of their shorthand reporters. Article 2326c, supra, first paragraph, imposes upon each of your District Judges, and not upon your Commissioners' Court, the duty of fixing and determining, within certain limitations, the salary of his shorthand reporter. We assume, therefore, that the void order of January 1, 1944, by your Commissioners' Court, mentioned in your letter, was based on equally void orders by the District Judges of your county. The legal principles herein announced are as applicable to such void orders of the District Judges as to those of the Commissioners' Court.

We further assume that prior to January 1, 1944, the salaries of each of your court reporters had been properly fixed by orders of their respective employing Judges at $2,700. We further assume that your Commissioners' Court thereafter, and prior to January 1, 1944, entered an order for the payment of said salaries monthly on the basis of $2,700 per annum, and out of the general fund of your county. If these assumptions are correct, such salaries and such orders were valid and legal. Not having been changed by any valid order or orders of said District Judges, they have since their inception been in force and effect.

While the matter is not involved in this opinion, we seriously question the constitutionality of the provisions of the last paragraph of Article 2326c, supra, as well as that part of its first paragraph which reads as follows:

"* * * or in the discretion of the Commissioners Court, out of the jury fund of said county."

In view of the foregoing, no answers are necessary to the questions submitted.

However, in view of the fact that all orders herein referred to, whereby the salaries of said court reporters were raised from $2,700 to $3,000, are void ab initio, proper orders should be entered by the District Judges and the Commissioners' Court of your County, reciting their invalidity and restoring each of said salaries to an amount of not more than $2,700 per annum.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
L. H. Flewellen
Assistant

LHF:KP

APPROVED APR 19, 1944

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN